UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    5:26-cv-4028-RAO                                    Date:    August 13, 2026
Title:       Vlad Oganisyan v. Fereti Semaia et al.

Present:        The Honorable    **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |

Attorneys Present for Petitioner:          Attorneys Present for Respondents:

N/A                                        N/A

**Proceedings:**        (In Chambers) **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I.    <u>INTRODUCTION</u>

Petitioner Vlad Oganisyan, represented by counsel, is a citizen of Russia currently in immigration custody within this District.  He filed a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 20, 2026 ("Petition").  Dkt. No. 1 ("Pet.").  The instant matter is a second Section 2241 petition.  Petitioner previously filed a habeas petition on April 13, 2026. *Oganisyan v. Semaia*, No. 5:26-cv-1826-RAO (C.D. Cal. Apr. 13, 2026).  Pet. at 3.  In that prior habeas action, the Court ordered that Petitioner be provided with a bond hearing.  Consistent with the Court's order, an immigration judge conducted a bond hearing on May 29, 2026, and denied Petitioner's release on the grounds of danger to the community. *Id*. at 4.  According to the Petition, Petitioner then had a *Rodriguez* bond hearing one month later. *Id*.  At the second bond hearing, the immigration judge concluded that Petitioner was both a flight risk and a danger to the community and denied bond. *Id*.  Petitioner has filed appeals of both bond hearings. *Id*. at 14.

The instant Petition claims the two bond hearings were constitutionally deficient because "although the IJ stated that he was placing the burden on the government, the IJ did not hold Respondents to their heavy burden."  Pet. at 4.  The Petition raises two claims for relief: (1) a Fifth Amendment due process violation; and (2) a violation of Administrative Procedure Act ("APA"). *Id*. at 23-28.

Respondents filed their Answer on July 27, 2026.  Dkt. No. 10 ("Ans.").  The Answer argues that Petitioner received legally adequate bond hearings under the factors enumerated in

| CV-90 (05/15) | **CIVIL MINUTES - GENERAL** | Page **1** of **4** |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    5:26-cv-4028-RAO                                      Date:    August 13, 2026
Title:        Vlad Oganisyan v. Fereti Semaia et al.

*Matter of Guerra*, 24 I&N Dec. 37 at 40 (BIA 2006).  *Id*. at 2.  Additionally, the Answer contends that Petitioner should pursue relief through administrative exhaustion and cites to the statutory scheme that provides for appeals of bond and custody determinations to the Board of Immigration Appeals.  *Id*. at 3; *see also* 8 C.F.R. § 236.1(d)(3), 8 U.S.C. §1252.  Lastly, Respondents argues that application of the factors under *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), weighs in favor of requiring Petitioner to exhaust his administrative remedies.  *Id*. at 4-5.

In his Reply, filed July 30, 2026, Petitioner notes, *inter alia*, that exhaustion is prudential, not jurisdictional.  Dkt. No. 11 ("Reply") at 8.  Petitioner asks the Court to reject Respondents' cursory analysis of the *Puga* factors and find Petitioner will suffer irreparable harm if required to exhaust administrative remedies.  *Id*. at 9-10.  Lastly and alternatively, Petitioner contends that waiver of exhaustion is warranted to ensure compliance with the Court's order in Petitioner's earlier habeas action.  *Id*.  at 10.

## II.    **LEGAL STANDARD**

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

## III.    **ANALYSIS**

As noted above, the Petition claims that the bond hearings he received and resulting denials of release violated procedural due process and the APA.  Pet. at 23-28.  Petitioner seeks release or, alternatively, asks the Court to set bond or hold a bond hearing.  *Id*. at 29.

Petitioner has a direct administrative remedy for the alleged violations he alleges: appeal to the Board of Immigration Appeals ("BIA").  *See* 8 C.F.R. §§ 1003.19(f), 1003.38.  The BIA reviews *de novo* all "questions of law, discretion, and judgment" from the decisions of immigration judges.  8 C.F.R. § 1003.l(d)(3)(ii).  It also reviews for clear error any findings of fact.  *See id*. § 1003.l(d)(3)(i); *Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013).  The errors that Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   5:26-cv-4028-RAO                                    Date:   August 13, 2026
Title:      Vlad Oganisyan v. Fereti Semaia et al.


claims occurred—the immigration judge failed to hold Respondents to their burden—are ones that the BIA can address on appeal and would allow the agency to correct its own mistakes. Indeed, the Petition indicates that Petitioner is in the process of pursuing administrative exhaustion. *See* Pet. at 14. In light of this representation, the Court concludes that exhaustion of administrative remedies is warranted, and there are no grounds for excusal or waiver of the exhaustion requirement. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (enumerating factors to be considered in requiring prudential exhaustion).

While exhaustion is not jurisdictional, it is required as a prudential matter before seeking relief under Section 2241. *Castro-Cortez v. I.N.S.,* 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Varga v. Gonzales*, 548 U.S. 30 (2006) ("[W]e require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.") Because exhaustion is not jurisdictional, courts have discretion to waive the requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation and quotations omitted). The burden is on the petitioner to show that waiver is warranted. *See Leonardo v. Crawford*, 646 F.3d 1159-60 (9th Cir. 2011) (where petitioner failed to demonstrate grounds for excusal from exhaustion, court remanded to district court with instructions to dismiss habeas petition without prejudice).

The Court finds Petitioner has failed to establish sufficient cause for waiver of the exhaustion requirement. Exhaustion will allow for development of a "proper record" on the two orders denying bond and "allow the BIA to correct its own mistakes." *Puga*, 488 F.3d at 815 (factors for court to consider regarding relaxation of exhaustion requirement). Moreover, excusal of the exhaustion requirement may encourage others similarly situated to purposefully bypass this requirement and proceed directly to the district court and thus should not be permitted here. *Laing*, 370 F.3d at 1000 (a "key consideration" in context of prudential exhaustion is "whether relaxation of the requirement would encourage deliberate bypass of the administrative scheme") (citation and quotations omitted); *see also Puga*, 488 F.3d at 815.

Petitioner's assertion of irreparable harm because he will be detained pending BIA review is not sufficient for the Court to waive exhaustion. *See Yu v. Noem*, 2026 WL 1042213, at *3 (E.D.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    5:26-cv-4028-RAO                                    Date:    August 13, 2026
Title:         Vlad Oganisyan v. Fereti Semaia et al.

Cal. Apr. 17, 2026) (excusing exhaustion on the basis that petitioner's detention will be prolonged pending appeal to the BIA "would cause the exception to swallow the rule").

Further, Petitioner's argument that waiver is required to enforce this Court's prior order granting in part Petitioner's habeas petition and ordering a bond hearing is likewise unpersuasive. The Court's order stated, in relevant part, that Respondents must provide Petitioner with a "constitutionally adequate bond hearing before an immigration judge. The government shall bear the burden of establishing that Petitioner poses a danger to the community or a risk of flight." Case No. 5:26-cv-01826-RAO, Dkt. No. 10 at 13. Recognizing that Petitioner takes a different view, the immigration judge's orders indicate that the immigration court found the government had met its burden. *See* Dkt. No. 1-2 ("Court finds that the Department has met their burden, by clear and convincing evidence, to demonstrate that [Petitioner's] release would pose a danger to the community…[and] a significant flight risk"); Dkt. No. 1-3 ("Court finds that the Department has met their burden to demonstrate that [Petitioner's] release would pose a danger to the community.") If the immigration judge did commit error in reaching the bond decisions, then the BIA will have an opportunity to review the record and correct the agency's mistakes.

IV.    **CONCLUSION**

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is DENIED without prejudice.

**IT IS SO ORDERED.**